UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACEY LYNN WRIGHT,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

C12-1348 TSZ

ORDER

THIS MATTER comes before the Court on petitioner *pro se* Tracy Lynn Wright's petition for a writ of habeas corpus under 28 U.S.C. § 2255.  Respondent has filed an answer opposing the petition, docket no. 8.  Petitioner has also filed a motion for appointment of counsel, docket no. 4.  After careful consideration of the petition, answer, motion, governing authorities, and the balance of the record, the Court enters the following ORDER.

Wright pleaded guilty to one count of receipt of material involving the sexual exploitation of children and one count of possession of material involving the sexual exploitation of children on September 5, 2002.  Sentencing occurred on March 28, 2003.  Wright was sentenced to 20 years of confinement and three years of supervised release.

ORDER - 1

1  Wright filed a notice of appeal on April 3, 2003.  The Ninth Circuit remanded the
2  case to this Court for the limited purpose of considering the sentencing issues raised in
3  U.S. v. Booker, 530 U.S. 220 (2005).  U.S. v. Wright, No. 02-cr-275, docket no. 78,
4  (W.D. Wash., Feb. 11, 2005).  However, the Ninth Circuit panel retained jurisdiction
5  over the appeal and held in abeyance Wright's petition for rehearing en banc pending this
6  Court's review.  Id.

7  This Court affirmed Wright's sentence on December 13, 2005, concluding that its
8  sentencing decision would not have been materially different had the Court known that
9  the Sentencing Guidelines were advisory.

10 Wright filed a second notice of appeal on December 20, 2005.  On December 23,
11 2005, the Ninth Circuit ordered that all docket entries related to the second appeal were
12 void because the previous appeal was still pending.  Also on December 23, 2005, the
13 Ninth Circuit entered an order indicating that it had received a copy of this Court's order
14 filed on December 13, 2005, and "based on this review, the Court finds that the Court's
15 sentencing decision would not have been materially different had the Court known the
16 Sentencing Guidelines were advisory.  Accordingly, no further hearing is required in this
17 case.  The Clerk is directed to close this case."  U.S. v. Wright, No. 03-30158, docket no.
18 31 (9th Cir., Dec. 23, 2005).  Wright did not file a petition for certiorari.

19 **Discussion**

20 A motion by a federal prisoner for post conviction relief under 28 U.S.C. § 2255 is
21 subject to a one-year time limitation.   The one year limitation period runs from the latest
22 of four events:

23

ORDER - 2

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

    Here, neither subsection (f)(2) nor subsection (f)(4) is applicable.  With respect to subsection (f)(1), "[a] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  Clay v. U.S., 537 U.S. 522, 525 (2003).  Here, if Wright wished to seek review of the Ninth Circuit's decision, she was required to file a petition for certiorari within 90 days after entry of the Court of Appeals judgment.  Supreme Court Rule 13.  The date by which Wright would have been required to file a petition for certiorari was 90 days after the Ninth Circuit's order of December 23, 2005—March 23, 2006.  Wright did not file a petition for a writ of certiorari by that date.  The one year statute of limitations under subsection (f)(1) therefore expired on March 23, 2007.

    Wright argues that her petition is timely under subsection (f)(3) because it is made on the basis of a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Petition at 5-6.  She contends that Lafler v. Cooper, 132 S. Ct. 1376 (March 21, 2012), and Missourie v. Frye, 132 S. Ct.

ORDER - 3

1399 (March 21, 2012), created a new constitutional right, and thus her petition, filed within one year of the issuance of those decision, is timely.  See 28 U.S.C. § 2255(f)(3); see also Dodd v. United States, 545 U.S. 353 (2005). This argument is unpersuasive.

In United States v. Buenrostro, the Ninth Circuit concluded that neither Frye nor Lafler "decided a new rule of constitutional law." __F.3d __, 2012 WL 4784304, at *2 (9th Cir., Oct. 9, 2012).

> The Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in Strickland v. Washington, 466 U.S. 668, 686 (1984), and established in the plea-bargaining context in Hill v. Lockhart, 474 U.S. 52 (1985).  Because the Court in Frye and Lafler repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government.

Id.  This is consistent with decisions from the Eleventh circuit, the Fifth Circuit, and the Seventh Circuit.  In re Perez, 682 F.3d 930, 933-34 (11th Cir. 2012); In re King, __F.3d __, 2012 WL 4498500, at *1 (5th Cir., Aug.14, 2012); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012).

The Court concludes that Lafler and Frye did not create a new right that is retroactively applicable to cases on collateral review.  See also Ortiz v. United States, 2012 WL 5438938, at *2 (E.D. N.Y., Nov. 7, 2012).  Wright's petition is barred by Section 2255's one year statute of limitations because she failed to file it by March 23, 2007.

After careful consideration of the record and analysis of the law in this case, the Court concludes that Wright is not entitled to a certificate of appealability with respect to any of the claims asserted in her petition.

ORDER - 4

**Conclusion**

Wright's petition for a writ of habeas corpus, docket no. 1, and motion for appointment of counsel, docket no. 4, are DENIED.  This matter is DISMISSED with prejudice.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record and to petitioner pro se.

Dated this 19th day of November, 2012.

_____
THOMAS S. ZILLY
United States District Judge

ORDER - 5